[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A prejudgment security is sought claiming a breach of contract wherein there is a clause calling for liquidated damages.
The alleged contract is offered in evidence on a form prepared by the plaintiff. It calls for the providing, CT Page 9561 maintaining and servicing of certain camera and lighting in various areas of the defendant's business site for security. The defendant would be required to monitor the system by personnel viewing the subject matter scanned by the camera systems. The printed agreement form provided for a monthly payment of $872.00. The term of the agreement essentially sets forth initial period of five year to be followed by a second five year term if not terminated prior to 90 days before the expiration of the first five year period. Par. 5 of the "Agreement" states, "This Agreement is subject to the terms and conditions on the reverse side hereof and shall become binding on the parties when signed by subscriber and accepted and approved by the company. There are two separate blanks for signature of the agents of the Comcast Sound Communications, Inc. The first is designated "Accepted" followed by a blank space for signature of Marketing Executive which remains blank and unsigned. The second is designated "Approved" followed by the signature of Albert Zaplimdki as General Manager. The document is signed by the "subscriber" National Patent Development Corp. by Michael McClure, Director of Purchasing.
The plaintiff relies on the reverse side of the printed agreement form for its claim for prejudgment remedy in the amount of $50,000 plus or minus or "75% of the unbilled charges to Subscriber for the period which would otherwise have constituted the unexpired term of this agreement."
The agreement form has a commencement date of April 1, 1987. By the terms of the claimed contract either party could have terminated the arrangements. The termination to be effective as of March 31, 1992. In order to accomplish such a termination the party desiring to terminate the arrangement was to send a certified notice of such intention to the other party on or before January 1, 1992. National Patent instead, by letter as of Oct. 13, 1992 noticed the plaintiff company that its services are no longer needed and therefore the defendant was terminating the arrangement as of January 1, 1993.
Had the termination been effectively made as of March 31, 1992 by letter of January 1, 1992, the defendant would have no bases for damages. There is no evidence from which this court can conclude actual damages. There is no evidence that equipment was replaced at a certain cost and expense. CT Page 9562 There is no evidence of the life expectancy of the equipment in place how it was serviced, cost of such servicing from which the court can make a finding of loss of profit.
The evidence supports a finding that plaintiff knew and were advised in the summer of 1992 that the system was not being used or monitored and no servicing was needed nor desired. There is also evidence that at some prior time there was modification of the contract. How and in what manner the court is left uninformed.
For all of the above reasons, the unaccepted contract, the apparent disproportion that the claimed liquidated damages bears to actual damage and the lack of evidence to support actual damage this court denies the application for prejudgment security.
WALSH, JOHN, J.